UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-33

CHAD K. CONDER                                                                                           PLAINTIFF

V.

BLAZIN WINGS, INC. d/b/a BUFFALO WILD
WINGS GRILL & BAR                                                                                    DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant's motion for summary judgment (DN 19). Plaintiff has responded (DN 20), and Defendant has replied (DN 22). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion (DN 19) is DENIED.

## BACKGROUND

This action arises out of a slip and fall incident that occurred on February 5, 2010 at the Buffalo Wild Wings (BWW) restaurant in Paducah, Kentucky. Plaintiff, Chad Conder, went to BWW for dinner with his wife and two friends. After the meal was finished, Conder and his friend went to use the men's restroom. The door to the men's restroom at BWW is located in an alcove off of a hallway. Conder testified that, as he came around the corner to go into the restroom, he saw that the door was propped open. When Conder stepped onto the tile floor inside the restroom, he slipped and fell. Conder testified that, as he was falling, he saw a "wet floor" sign. Conder maintains that the wet floor sign was hidden around the corner of the men's restroom by the urinals. Conder further testified that, after he fell, he noticed the floor was wet and described it as "soapy-slick."[1]

## SUMMARY JUDGMENT STANDARD

---

[1] Conder testified that he did not observe puddles of water on the floor, but that there was an "excessive amount" of water.

1

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

**ANALYSIS**

Defendant BWW contends that summary judgment is appropriate in this action because the wet restroom floor was an open and obvious condition and Conder's injury was not foreseeable. Conder concedes that there were no foreseeable distractions, but maintains that the condition was not open and obvious.

"As a general rule, land possessors owe a duty to invitees to discover unreasonably dangerous conditions on the land and to either correct them or warn of them." *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010). "However, the open and obvious doctrine states that land possessors cannot be held liable to invitees who are injured by open and obvious dangers." *Id.* In Kentucky, a danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence, and judgment." *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526 (Ky. 1969) (citations omitted). Where the condition is open and obvious, the landowner has no duty to warn of the condition. *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 368-69 (Ky. 2005). However, the Kentucky Supreme Court has explained that "lower courts should not merely label a danger as 'obvious' and then deny recovery. Rather, they must ask whether the land possessor could reasonably foresee that an invitee would be injured by the danger. If the land possessor can foresee the injury, but nevertheless fails to take reasonable precautions to prevent the injury, he can be held liable." *Id.* at 392.

Here, BWW contends that the hazard encountered by Conder was open and obvious because the door was propped open and because there was a wet floor sign inside the restroom. In support of this contention, BWW points to Conder's extensive experience with floor maintenance in the restaurant and bar environment. Conder was the former owner of a bar and restaurant in Metropolis, Illinois and was an assistant manager at Bob Evans restaurant in

3

Paducah, Kentucky.  Additionally, Conder has worked as a waiter and as a bartender at multiple restaurants.  As an employee, he mopped and cleaned floors.  As an owner of a bar and restaurant, Conder "set the standard for how to clean and mop the floors."  Conder Deposition, DN 19-4 at p. 9.   BWW therefore argues that Conder should have recognized that maintenance had occurred in the restroom on the day of the incident.

The Court is not swayed by BWW's argument that Conder should have recognized the dangerous condition of the wet floor because the door was propped open.  Before reaching the restroom entrance, Conder rounded a corner and noticed that the door was open.  Conder testified that "it didn't even cross my mind as to the fact that the door was standing open and no one was holding it."  DN 19-4 at 16.  However, the existence of a propped-open door does not automatically equate to a wet restroom floor, even for a person with personal experience mopping restroom floors in restaurants or bars.  A door could be propped open because restroom maintenance is about to begin, or because maintenance is being performed which does not include mopping the floor.  Further, mere seconds passed between the time Conder turned the corner and the time he put his foot on the tile floor of the restroom.  Conder testified that he did not notice that the floor was wet until after he had already fallen.  In addition, although there was a wet floor sign present in the restroom, you could only have seen it "if you could see through walls."  Conder Deposition, DN 19-4.  Viewing the facts in the light most favorable to Conder, the Court finds that there is a genuine issue of material fact as to whether the wet floor in this case was open and obvious.

If the hazard of the wet floor was not open and obvious, BWW was under a duty to take reasonable precautions to protect Conder from conditions he could not readily observe.  Whether BWW acted reasonably, is a question for the jury to decide.  Furthermore, if Conder was familiar

4

with restroom maintenance standards, if such standards exist, "[t]he jury is fully capable of considering how a person's familiarity with a danger should bear upon his respective share of fault, if at all." *McIntosh*, 319 S.W.3d at 394.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for summary judgment (DN 19) is DENIED.

Thomas B. Russell, Senior Judge
United States District Court

February 24, 2012